IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-688-JLH-CJB |
| | ) |
| NSC PARTNERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Court, having reviewed Defendant NSC Partners, LLC's ("NSC" or "Defendant") motion to dismiss or, in the alternative, transfer ("Motion"), (D.I. 7), and the briefing related thereto, (D.I. 8; D.I. 17; D.I. 19; *see also* D.I. 25; D.I. 26), hereby recommends that the Motion be GRANTED-IN-PART and DENIED-IN-PART (and orders that the case further be STAYED) for the reasons that follow:

1. On May 2, 2024, NSC initiated an arbitration in Chicago, Illinois against Plaintiff Eli Lilly and Company ("Lilly" or "Plaintiff"); the arbitration relates to disputes arising under a collaboration agreement ("Collaboration Agreement") between Lilly and a now-defunct entity, Applied NeuroSolutions, Inc. ("APNS"), which called for drug development efforts targeting Alzheimer's disease. (D.I. 1 at ¶¶ 9, 37; D.I. 9 at ¶ 4) NSC argues that it has acquired the rights of APNS and is therefore APNS's successor under the Collaboration Agreement. (D.I. 1 at ¶ 37; D.I. 8 at 1)

2. On June 10, 2024, Lilly informed NSC of its belief that NSC has no rights under the Collaboration Agreement and that Lilly therefore would not be proceeding with the

arbitration. (D.I. 8 at 10; D.I. 9 at ¶ 12; D.I. 17 at 2)[1] On the same date, June 10, 2024, NSC filed an action in the United States District Court for the Northern District of Illinois ("Northern District of Illinois") seeking to compel Lilly to arbitrate with it pursuant to 9 U.S.C. § 4, and seeking a declaratory judgment that Lilly is required to arbitrate the parties' disputes (the "Northern District of Illinois action"). (D.I. 9 at ¶ 12 & n.1; D.I. 17 at 2)

3.      The next day, June 11, 2024, Lilly filed the instant action, seeking declaratory judgments that it is not required to arbitrate with NSC and that NSC's claims are barred by Delaware's three-year statute of limitations. (D.I. 1 at ¶¶ 38-52)[2]

4.      With the Motion, NSC argues, *inter alia*, that this action was filed after the Northern District of Illinois action, and that it must therefore be dismissed under the "first-filed" rule. (D.I. 8 at 11-13; D.I. 19 at 2-6) The first-filed rule gives courts discretion to stay, transfer or dismiss a later-filed action based on principles of comity; its premise is that "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016). The rule applies to earlier-filed proceedings involving a substantial overlap of parties and issues to those in the instant case. *Owen v. Nestle Healthcare Nutrition, Inc.*, Civil Action No. 22-2855 (ZNQ) (DEA), 2023 WL 2367983, at *2 (D.N.J. Mar. 6, 2023); *see also Fuisz Pharma LLC v. Theranos, Inc.*, Civil Action No. 11-1061-SLR-CJB, 2012 WL 1820642, at *4-7 (D. Del. May 18, 2012), *report and recommendation adopted*, 2012 WL 2090622 (D. Del. June 7, 2012). Its

---

[1] While NSC's briefing states that this occurred on May 10, 2024, (D.I. 8 at 10), it is clear from other portions of the record that this happened on June 10, 2024, (D.I. 9 at ¶¶ 12-13 & n.1).

[2] Lilly is an Indiana company with its principal place of business in Indianapolis, Indiana, and NSC is a Delaware limited liability company ("LLC") located in Chattanooga, Tennessee. (D.I. 1 at ¶¶ 3-4)

2

primary purpose "is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990). "Application of the rule is discretionary." *Chavez*, 836 F.3d at 210. Although exceptions to the first-filed rule are rare, the presumption in favor of the first-filed forum may be overcome when the first-filing party has engaged in bad faith or forum shopping, or has "instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *E.E.O.C.*, 850 F.2d at 976.

5.   Lilly does not dispute that this action and the Northern District of Illinois action involve identical (or, at minimum, substantially overlapping) parties and claims. Instead, Lilly argues that the first-filed rule does not require dismissal of this action because: (a) the Complaint in this action was actually filed before the Complaint in the Northern District of Illinois action; (b) the rule does not apply here because it only applies to cases of concurrent jurisdiction, and jurisdiction does not exist over Lilly in the Northern District of Illinois; and (c) even if the Court finds the Northern District of Illinois action to be the first filed, the Court should exercise its discretion to depart from the first-filed rule here. (D.I. 17 at 4-9) Below, the Court will explain why each of Lilly's arguments are not persuasive.

6.   Lilly first asserts that NSC didn't actually file the complaint in the Northern District of Illinois action on June 10, 2024—and that in fact, NSC's suit wasn't filed until June 12, 2024 (the day after Lilly filed this action). (*Id.* at 4-6) In support, Lilly points to the first docket entry in the Northern District of Illinois action. (*Id.* at 4) While this entry shows that the complaint there was received by the Clerk's Office on June 10, 2024, *NSC Partners, LLC v. Eli Lilly & Co.*, Civil Action No. 24-4804, D.I. 1 (N.D. Ill. June 10, 2024), there is also a later docket entry on June 12, 2024 indicating "COMPLAINT filed[,]" *NSC Partners, LLC v. Eli Lilly*

3

*& Co.*, Civil Action No. 24-4804, D.I. 11 (N.D. Ill. June 12, 2024). Lilly points out that under Seventh Circuit jurisprudence, a limited liability company ("LLC"), such as NSC, may not file a *pro se* complaint; it asserts that NSC's submission of the complaint to the Northern District of Illinois on June 10, 2024 was *pro se* and thus improper, which renders *this* action the first-filed action. (D.I. 17 at 4-6)[3]

7.      The Court is not persuaded by Lilly's argument. The top of the docket of the Northern District of Illinois action indicates "Date Filed: 06/10/2024." *NSC Partners, LLC v. Eli Lilly & Co.*, Civil Action No. 24-4804, (N.D. Ill.). This comports with case law that NSC points to confirming that, for purposes of the first-filed rule, "the delivery to and receipt by the clerk" of a complaint constitutes the "filing" of such complaint. *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp. 2d 1092, 1094-95 (N.D. Ill. 1999) (*cited in* D.I. 19 at 2-3); *cf. Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001) (explaining that the complaint is "filed" for purposes of determining the statute of limitations in a lawsuit "when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like") (*cited in* D.I. 19 at 3); *Jackson v. Abrams*, No. 07-11062, 2007 WL 2463331, at *3 (E.D. Mich. Aug. 29, 2007) (deeming the actual date of filing of a notice of removal was the date of receipt by the Clerk of Court, rather than the date that the notice was entered on the docket); *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1091 (S.D. Cal. 2002) ("The first-filed rule looks at which party technically won the race to the courthouse[.]"). Here, the complaint in the Northern District of Illinois action was indisputably

---

[3]    Local counsel entered their appearances in the Northern District of Illinois action on June 12, 2024, and NSC's out-of-state counsel were admitted *pro hac vice* shortly thereafter. *NSC Partners, LLC v. Eli Lilly & Co.*, Civil Action No. 24-4804, D.I. 3-5 (N.D. Ill. June 12, 2024); *NSC Partners, LLC v. Eli Lilly & Co.*, Civil Action No. 24-4804, D.I. 12 (N.D. Ill. June 25, 2024).

delivered to and received by the Clerk there on June 10, 2024. (*See* D.I. 8 at 12 n.2; D.I. 17 at 4) So, for our purposes, it was "filed" then.

8. As for Lilly's suggestion that NSC's submission of the complaint on June 10, 2024 on a *pro se* basis somehow renders the filing of the complaint a nullity, Lilly does not cite to any cases that stand for such a proposition. (D.I. 17 at 4-5; D.I. 19 at 3) Indeed, NSC points to some case law to the contrary. *See In re IFC Credit Corp.*, 663 F.3d 315, 317, 320 (7th Cir. 2011) (rejecting the argument that because a corporation's original petition for bankruptcy was not signed by a lawyer, that rendered the bankruptcy proceeding a nullity, because the rule prohibiting corporations from litigating *pro se* is not an issue of subject-matter jurisdiction) (*cited in* D.I. 19 at 3). While courts may ultimately dismiss a case after a corporation or an LLC fails to obtain counsel, they generally do so after giving the party the opportunity to obtain representation. *See, e.g.*, *Ghetto Dope Recordzs LLC v. Dep't of the Treasury*, Case No. 22-cv-0229-bhl, 2022 WL 4273173, at *1 (E.D. Wis. Sept. 15, 2022) (explaining that the plaintiff limited liability companies filed a complaint without an attorney signature and that the court had provided plaintiffs with opportunities to correct the issue before ultimately dismissing the case after plaintiffs did not obtain attorneys). In the interim, the case that was filed (i.e., on a *pro se* basis) still exists; it is not typically considered null and void.

9. Lilly's next argument against application of the first-filed rule is that the rule only involves cases of concurrent jurisdiction, but concurrent jurisdiction does not exist with respect to the Northern District of Illinois action, because personal jurisdiction over Lilly is not proper in Illinois. (D.I. 17 at 6-7) It is true that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C.*, 850 F.2d at 971 (internal quotation marks and citations omitted). But in the Northern District of Illinois, Lilly has filed a

5

motion to dismiss based on, *inter alia*, lack of personal jurisdiction, and the issue has not yet been decided by that court. (*See* D.I. 25, ex. A at 5-10 (permitting NSC to engage in limited jurisdictional discovery in the Northern District of Illinois action as to NSC's assertions that relevant events relating to the parties' disputes concerning the Collaboration Agreement occurred in Illinois, and granting Lilly leave to re-file its motion to dismiss thereafter); D.I. 26, ex. A (directing Lilly to file a renewed motion to dismiss or, in the alternative, to transfer venue in that action by August 5, 2025, and indicating that a ruling on the to-be-filed motion is set for October 16, 2025)) Under these circumstances, it is the Northern District of Illinois who should decide whether it has jurisdiction over Lilly, not this Court. *See, e.g.*, *Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.*, 21-CV-1068 (AMD) (ST), 2021 WL 7543607, at *4 (E.D.N.Y. May 21, 2021) ("However, the Michigan court has not decided the plaintiff's motion [to dismiss for lack of personal jurisdiction], and it is not for this Court to make a jurisdictional determination on behalf of a court in another district. The plaintiff has not pointed to any authority—nor has this Court been able to locate any—to support its argument that a court should disregard the first-filed rule before the transferee court has made a determination as to its jurisdiction.").

10.    Lastly, the Court addresses Lilly's assertion that the Court should exercise its discretion to depart from the first-filed rule. (D.I. 17 at 7-9) To that end, Lilly argues that Defendant "rushed to file its impermissible *pro se* complaint to try to beat Lilly to the courthouse[,]" so as to be the first to file and to try to take advantage of Illinois' statute of limitations—and that this is evidence of gamesmanship and bad faith that should not be rewarded. (*Id.* at 9) "[A] suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *TGL Golf Holdings, LLC v. La Golf*

6

*Partners, LLC*, Case No. 1:25-cv-00011-JDW, 2025 WL 1638353, at *3 (D. Del. June 9, 2025) (quoting *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 404 (D. Del. 2013)) (finding that the first-filed lawsuit was an anticipatory suit because prior to it, the defendant had sent a demand letter threatening litigation). There is no evidence here that NSC was in receipt of "specific, concrete" information that Lilly planned to file this action. Indeed, as NSC points out, the way things shook out here—with NSC filing an arbitration demand, Lilly ultimately advising that it would not arbitrate, and NSC then filing the Northern District of Illinois action to compel arbitration—seems a logical progression of events. (D.I. 19 at 5-6) Thus, Lilly's argument that the Court should decline to apply the first-filed rule here because the Northern District of Illinois action is an anticipatory suit filed in bad faith is not persuasive. *See Beijing Sinotau Med. Rsch. Co. v. Navidea Biopharms., Inc.*, C.A. No. 17-110-LPS-MPT, 2017 WL 819485, at *1 (D. Del. Mar. 1, 2017).

11. Although the Court finds that the first-filed rule applies here, the United States Court of Appeals for the Third Circuit has suggested that (especially in a case where the first-filed action has potential jurisdictional issues) the right course is to stay or transfer the case, instead of dismissing the action. *Chavez*, 836 F.3d at 217, 220-21. In these circumstances, the Court orders that this action be STAYED pending the resolution of the Northern District of Illinois action (which, as noted above, will soon see Lilly file a renewed motion to dismiss, or in the alternative, to transfer venue). *See Jones v. Wetzel*, Civil Action No. 2:23-CV-01780-CBB, 2025 WL 896588, at *4 (W.D. Pa. Mar. 24, 2025) (exercising the court's discretion to stay a second-filed action pending resolution of a first-filed case).[4]

---

[4] In light of the Court's application of the first-filed rule here, the Court recommends that NSC's other alternative grounds in its Motion (that the action should be

12.     This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days from today's date.  Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. Appx 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).  The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  July 31, 2025

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

dismissed on 12(b)(6) grounds, or in the alternative should be transferred to the Northern District of Illinois) be DENIED without prejudice.